# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9392 | **DATE** | 1/29/2002 |
| **CASE TITLE** | Harry Carmichael vs. Payment Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum. As stated earlier, both sides' lawyers should come to the motion presentment date prepared to dismiss the matter in those terms.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 3 0 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 4 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/29/2002 | |
| SN | courtroom deputy's initials | 02 JAN 29 PM 4:05 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY CARMICHAEL, et al., )
)
        Plaintiffs, )
)
v. ) No. 01 C 9392
)
PAYMENT CENTER, INC., )
)
        Defendant. )

MEMORANDUM

Harry and Louise Carmichael (collectively "Carmichaels") have served a notice of their counsel's proposed February 12, 2002 presentment of a motion to dismiss the mortgage foreclosure counterclaim brought against them in this Truth in Lending Act action against Payment Center, Inc. ("Payment Center"). Because it appears that Carmichaels' counsel has misapprehended the current posture of Seventh Circuit law in that respect, this memorandum is issued sua sponte to alert both sides' counsel as to the issue to be addressed at the scheduled date of presentment.

In part Carmichaels' Brief in support of their motion points to <u>Valencia v. Anderson Bros. Ford</u>, 617 F.2d 1278, 1290-92 (7th Cir. 1980) and to some district court decisions as barring the exercise of federal jurisdiction over the counterclaim (which is a state law claim between nondiverse parties). But that contention ignores the impact of <u>Channell v. Citicorp Nat'l</u>

Servs., Inc., 89 F.2d 379, 384-87 (7th Cir. 1996),[1] which teaches that the supplemental jurisdiction provisions of 28 U.S.C. §1367 ("Section 1367") have changed the legal landscape announced in Valencia by supplanting the former compulsory counterclaim test under Fed. R. Civ. P. 13(a) with a less demanding requirement that the counterclaim be "so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"--as to which requirement Channell, 89 F.3d at 385 has reconfirmed:

> In Baer v. First Options of Chicago, Inc., 72 F.3d 1294, 1298-1301 (7th Cir. 1995), we concluded that §1367 has extended the scope of supplemental jurisdiction, as the statute's language says, to the limits of Article III--which means that "[a] loose factual connection between the claims" can be enough, quoting from Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).

Accordingly the relevant inquiry would appear to be not whether supplemental jurisdiction exists over Payment Center's counterclaim under Section 1367(a), but rather whether this is an appropriate case for the declination of such jurisdiction under either Section 1367(c)(2) or (4). Carmichaels' counsel are oversimplistic in urging that just because Carmichaels claim to have rescinded the credit agreement at issue, Payment Center's foreclosure effort via its counterclaim "refus[es] to honor

---

[1] It is not as though Carmichaels' counsel were unaware of Channell, which is actually cited in the supporting Brief.

2

plaintiffs' statutorily-prescribed rights, an act which sounds in bad faith in disrespect to this court and the tenants [sic] of the TILA." After all, Payment Center disputes the validity of Carmichaels' attempted rescission--and if no valid rescission took place, Payment Center is entitled to pursue its own rights and remedies (including foreclosure). As stated earlier, both sides' lawyers should come to the motion presentment date prepared to dismiss the matter in those terms.

                                                        /s/ Milton I. Shadur
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: January 29, 2002